UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-1-H

DONALD L. COOLEY, on behalf of himself
and all others similarly situated                                                                PLAINTIFFS

V.

SOUTHERN GRAPHIC SYSTEMS, INC.
PENSION PLAN
AND
SOUTHERN GRAPHIC SYSTEMS, INC.                                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff has moved to certify a class. The Court has discussed many aspects of this case with counsel and has thoroughly reviewed the current pleadings. About a month ago, the Court resolved various discovery issues and set a schedule for completing that discovery and for filing various motions for summary judgment as to the existing claims.

The motion for class certification presents complex calculations. At first blush, it seems quite likely that Plaintiff's proposal satisfies the numerosity requirement of Rule 23 of the Federal Rules of Civil Procedure. Moreover, the proposed class is governed by the same benefit plan although it is possible that sections of the plan apply differently to different employees. Plaintiff alleges that Defendants consistently misapplied the terms of the plan. Though the specific calculation of benefits may be different as to each employee, the basic concepts may be similar. From Plaintiff's viewpoint, this case involves the same plan, the same method of calculation and the same violation of the plan. These circumstances present a strong argument for certification.

The Court is not at all sure, however, that Plaintiff's claim is typical of those various persons proposed as part of the class. In particular, Defendants may have a variety of defenses that could defeat Plaintiff's claim and may or may not apply to others. The Court concludes that it will be in a better position to determine the viability of the proposed classification after the current claim is tested under the summary judgment spotlight. At this point, the Court has very little notion as to strengths of Plaintiff's claim; the significance of various defenses, particularly those concerning the statute of limitations; and the degree to which Plaintiff can adequately represent the seemingly disparate interests of former, present and future retirees who may have claims.

Consequently, the Court concludes that the interest of justice are best served by attesting those used at the summary judgment stage and, therefore, by denying the motion for class certification at this time.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for class certification is DENIED at this time. The Court will allow Plaintiff leave to reinstate or refile the motion at an appropriate later time after any summary judgment motions are resolved.

IT IS FURTHER ORDERED that the discovery schedule previously issued remains in effect.

cc: Counsel of Record