UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-1-H

DONALD L. COOLEY, on behalf of himself
and all others similarly situated                                                                                          PLAINTIFF

V.

SOUTHERN GRAPHIC SYSTEMS, INC.,
PENSION PLAN
and
SOUTHERN GRAPHIC SYSTEMS, INC.                                                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff and others similarly situated have alleged that Defendants have violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* by the manner of their calculating Plaintiff's lump sum pension benefits. Defendants have moved to dismiss on the grounds that the applicable statute of limitations bars Plaintiff's claims.

This case involves some of the same issues which this Court has already carefully addressed in *Fallin v. Commonwealth Industries, Inc., Cash Balance Plan, et al.*, 521 F.Supp.2d 592 (W.D. Ky. 2007). In that case, the Court carefully considered the interplay between the applicable statute of limitations, ERISA's exhaustion requirement as a precondition for filing in federal court and the tolling provisions as applied under state law. The Court concluded that

> \*       Kentucky's five-year limitation contained in KRS 413.120(2) governs
>           claims arising under ERISA. *Id.* at 596.
>
> \*       Federal law determines the date upon which an ERISA claim actually
>           accrues, thereby determining the date on which the statute begins to run.

> *Id.*
>
> \*       Under federal law, an ERISA claim accrues when defendant has made a clear and unequivocal repudiation of the benefits now requested. *Id.* at 596. Payment of lump sum benefits contrary to the employee's expectation constitutes such a repudiation. *Id.*
>
> \*       State law determines whether and how a statute of limitations is tolled during the course of its operation. *Id.* at 598.
>
> \*       Whether the administrative appeals process is commenced (but not yet exhausted) within the limitations period, the ruling of the limitations period should be tolled during the time in which the process proceeds and until it is exhausted. *Id.* at 598-99.

This Court also explained that the statute in an ERISA case must run from the date of accrual, otherwise a plaintiff could forever extend the statute by delaying required administrative remedies. *Id.* at 598-99. This is particularly true where the ERISA plan sets no deadline on the commencement of an administrative appeal. Conversely, the time during the pendency of the appeal must stay the statute, otherwise a defendant could "run out the clock" prior to exhaustion of the remedy. *Id.* Either circumstance would provide an unfair advantage to the claimant or plan administrator respectively. The Court now faces some of the same questions in a lightly different situation than *Fallin*. The Court must determine how the statute is tolled in these circumstances.

Here, Plaintiff's claim accrued on April 15, 1999, when Defendants issued a check to Plaintiff in the amount of $18,478.86, representing his lump sum payment of his pension benefits

under the Plan. This payment put Plaintiff on notice of his benefits and on notice of any disagreement concerning the method of calculation. Consequently, Kentucky's five-year statute of limitations began to run on April 15, 1999, and absent any tolling would have expired on April 15, 2004. Subsequently, Plaintiff made several requests for information concerning the lump sum payment. He received enough information to determine his disagreement with the amount.

On October 15, 1999, Plaintiff filed an administrative claim protesting the amount of his lump sum benefit. The statute would be tolled during the pendency of this administrative review. On April 11, 2000, the Plan Administrator denied Plaintiff's request for review of the lump sum payment. In that letter the Plan Administrator stated that Plaintiff had sixty (60) days in which to make a further appeal to the Plan Administrator's Committee. At this time the statute would have commenced running again. On May 31, 2000, Plaintiff filed a formal Appeal of Benefits as allowed under the Plan. That appeal thoroughly set forth Plaintiff's arguments. This formal filing once again tolled the statute. On August 14, 2000, the Plan Administrator formally denied Plaintiff's appeal. Once again the statute would begin to run again upon denial.

To this point 178 days had elapsed during the pendency of the first review (from October 15, 1999 until April 11, 2000) and 75 days had elapsed during the pendency of the second formal Appeal of Benefits (from May 31, 2000 until August 14, 2000). Thus, a total of 253 days elapsed during the actual process of these appeals, which is the only time Plaintiff can claim tolling. Under this analysis, the time for bringing a lawsuit would have expired on or about December 24, 2004, or almost a year prior to the filing of Plaintiff's complaint.

Yet, rather than file a federal claim, Plaintiff filed another administrative appeal on

October 13, 2000, which he styled a reappeal.  After ninety-seven (97) days, on January 18, 2001, the Plan Administrator once again denied this appeal as well.  The Court is not convinced that a duplicate of appeal for which the Plan makes no provision can further extend the statute of limitations.  After all, once the administrative process is complete, the statute should proceed to run.  However, the Court need not decide the issue because even allowing for the additional ninety-seven (97) days stay, the statute would have expired on March 31, 2005, or well before the complaint was filed.

   The facts here suggest another potentially thorny issue.  On November 20, 2001, Plaintiff received a letter from the Plan Administrator enclosing a corrective payment of $1,857.89 based upon an audit of the entire Plan.  On January 15, 2003, Plaintiff received another letter from the Plan Administrator stating that his benefits had been recalculated.  On March 31, 2003, Plaintiff received another letter enclosing an additional payment of $27,521.91 based upon the further audit.  Plaintiff does not allege that these recalculations involve the same issues as those in this complaint–those being, Plaintiff's correct "basic wage rate," his correct "hours regularly worked," and the offsetting of pension benefits with supplemental retirement and disability benefits.  He does argue, nevertheless, that the recalculation payment on March 31, 2003, constituted the unequivocal repudiation which constitutes accrual of Plaintiff's claims.

   Defendant states affirmatively that the recalculations do not involve the same issues presented here.  Plaintiff did not appeal the last two recalculations.  These recalculations cannot toll the running of the existing statute because no appeal occurred.  The recalculations could not amount to the accrual of issues in the existing or original claim because Plaintiff already knew of that claim and had finished his administrative appeal.  Therefore, the subsequent recalculations

on different grounds do not alter the running of the statute on the original claim. The recalculations may constitute the accrual of a new claim based upon the audit or new issues which it raises. Apparently, Plaintiff has no disagreement with the recalculation other than those issues previously raised.

Therefore, under any reasonable analysis of the statute of limitations, the accrual of it and the reasonable provisions for stay, Plaintiff's complaint is barred under Kentucky law. Because the statute of limitations bars all claims, the Court need not resolve the pending discovery disputes.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE as barred by the statute of limitations. All other motions are MOOT.

This is a final and appealable order.

cc:     Counsel of Record